DERRICK D. BLASSINGAME, PRO SE
Post Office Box 19224 CINCINNATI, OHIO 45219
Post Office Box 77155 Atlanta, Georgia 30357
Phone (513) 908-8876 | Fax (513) 672-9655
Email: DERRICKBLASSINGAME@GMAIL.COM

**RECEIVED**

JUN 10 2021

RICHARD W. NAGEL
Clerk Of Court
CINCINNATI, OHIO

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO

**DERRICK D. BLASSINGAME,**
PLAINTIFF,

VS.

**TRIHEALTH INC.,**

**THE GOOD SAMARITAN HOSPITAL OF CINCINNATI OHIO**

**THE CITY OF CINCINNATI, OHIO**

**JACOB BOATRIGHT,** in his individual and official capacity as Security Officer of Public Safety for TriHealth the Good Samaritan Hospital of Cincinnati, Ohio

**JOYCE CARTER,** in her individual and official capacity as Patient Relations Manager of TriHealth, Inc.

**STEVE GRACEY,** in his individual and official capacity as Senior Vice President and General Counsel of TriHealth, Inc.

DEFENDANT'S

CASE NO.: 1 : 21 C V 3 9 5

J. BLACK

M.J. LITKOVITZ

**COMPLAINT**

## INTROUDCUTORY STATEMENT

Blassingame v. TriHealth, Inc. et al – EMTALA, Rehabilitation Act

1. This case concerns TriHealth, Inc., The Good Samaritan Hospital of Cincinnati, Ohio, The City of Cincinnati, Jacob Boatright, Joyce Carter, and Steve Gracey, (the Defendant's", hereafter) policy and practice of denying appropriate emergency care to Plaintiff Mr. Derrick D. Blassingame on November 5, 2020, in violation of the Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. § 1395dd, and the Rehabilitation Act, 29 U.S.C. § 794.

2. TriHealth, which owns and operates The Good Samaritan Hospital of Cincinnati, Ohio, The City of Cincinnati, Jacob Boatright, Joyce Carter and Steve Gracey Mr. Blassingame harmed and caused injury to Plaintiff Mr. Derrick D. Blassingame when he presented to The Good Samaritan Hospital Emergency Department with chest pain. On November 4, 2021, Plaintiff Mr. Blassingame was advised by TriHealth officials to return to the Emergency Department if his chest pain symptoms worsened. Because of these policies, TriHealth and The Good Samaritan Hospital repeatedly and systematically failed to provide Plaintiff Mr. Blassingame with the emergency care required by EMTALA and the Rehabilitation Act. As a result, Plaintiff Mr. Blassingame have become, contracted life-threatening infections, and/or unnecessarily suffered severe pain for several days at a time, intermittent swelling in his rights hand, knees and left shoulder.

3. Plaintiff therefore brings this action to ensure that the Defendant's do not subject him to harm because of the Defendant's refusal to comply with federal law.

Plaintiff Mr. Blassingame's has attached hereto his Memorandum in Support of his Complaint.

*[signature]*

Derrick D. Blassingame, Pro Se

Blassingame v. TriHealth, Inc. et al – EMTALA, Rehabilitation Act

DERRICK D. BLASSINGAME, PRO SE
Post Office Box 19224 CINCINNATI, OHIO 45219
Post Office Box 77155 Atlanta, Georgia 30357
Phone (513) 908-8876 | Fax (513) 672-9655
Email: DERRICKBLASSINGAME@GMAIL.COM

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO

**DERRICK D. BLASSINGAME,**
    PLAINTIFF,

VS.

**TRIHEALTH INC.,**

**THE GOOD SAMARITAN HOSPITAL OF CINCINNATI OHIO**

**THE CITY OF CINCINNATI, OHIO**

**JACOB BOATRIGHT,** in his individual and official capacity as Security Officer of Public Safety for TriHealth the Good Samaritan Hospital of Cincinnati, Ohio

**JOYCE CARTER,** in her individual and official capacity as Patient Relations Manager of TriHealth, Inc.

**STEVE GRACEY,** in his individual and official capacity as Senior Vice President and General Counsel of TriHealth, Inc.

    DEFENDANT'S

CASE NO.: _____

**MEMORANDUM IN SUPPORT OF COMPLAINT.**

## PARTIES

4. Plaintiff Derrick D. Blassingame is a citizen of the United States and a resident of the State of Ohio.

5. TriHealth, Inc, owns and operates two acute care hospitals and more than 130 sites of care. TriHealth provides a wide range of clinical, educational, preventive and social programs facilities in the State of Ohio. TriHealth requires its hospitals to adhere to the Directives, which denied the Plaintiff with emergency medical services on November 5, 2021.

6. TriHealth Inc., is incorporated in the State of Ohio and has its headquarters and principal place of business in Cincinnati, Ohio, which is in the Southern District of Ohio.

7. In 2019, Defendant TriHealth, Inc., was ranked in the top three hospitals regionally by U.S. News and World Report.

8. The Good Samaritan Hospital of Cincinnati, Ohio is affiliated with TriHealth through an integrated healthcare system that formed as a partnership between Good Samaritan Hospital and Bethesda Hospital, Inc. TriHealth is a full-service, not-for-profit health system.

## JURISDICTION AND VENUE

This is an action for declaratory and permanent injunctive relief to enforce the rights of Plaintiff Mr. Derrick D. Blassingame under the Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C § 1395dd, and the Rehabilitation Act, 29 U.S.C § 794.

Because this is a civil action arising under laws of the United States, this Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331. Because all Defendants reside within the Southern District of Ohio, venue is proper under 28 U.S.C. §1391(b)(1).

## EMTALA STATUTORY FRAMEWORK

Blassingame v. TriHealth, Inc. et al – EMTALA, Rehabilitation Act

EMTALA states, inter alia, that any hospital that received Medicare funds and operates an emergency department:

    i. Must stabilize any individual determined to have an emergency medical condition, see 42 U.S.C. § 1395dd(b); and

    ii. May not transfer (which includes discharge) any individual with an emergency medical condition who has not been stabilized, unless, inter alia, the individual requests a transfer or a physician certified that the benefits of a transfer to another medical facility outweigh the increased risks to the patient, se id. §1395dd(c).

    iii. EMTALA defines an emergency medical condition as "a medical condition manifesting itself by acute symptoms of sufficient severity (including severe pain) such that the absence of immediate medical attention could reasonably be expected to result in placing the health of the individual ... in serious jeopardy, [cause] serious impairment to bodily functions, or serious dysfunction of any bodily organ or part." Id. § 19385dd€(1)(A).

    iv. EMTALA defines "to stabilize" to mean to provide such medical treatment of the condition as may be necessary to assure, within reasonable medical probability, that no material deterioration of the condition is likely to result from or occur during the transfer of the individual from a facility[.]" Id § 1395dd(3)(A).

    v. Defendants TriHealth, Good Samaritan Hospital and the City of Cincinnati receive Medicare funds and operate emergency departments and are subject to the requirements of EMTALA. The Defendants Jacob Boatright, Steve Gracey and Joyce Carter are employees of the Defendants.

### THE DEFENDANTS' FAILURE TO COMPLY WITH EMTALA

Blassingame v. TriHealth, Inc. et al – EMTALA, Rehabilitation Act

9. There are several conditions that can arise during, or that can be exacerbated by, chest pain, "where the absence of immediate medical attention could reasonably be expected to result in placing the individual ... in serious jeopardy, [or cause] serious impairment to bodily functions, or serious dysfunction of any bodily organ or part." 42 U.S.C. § 1395dd(e)(1)(A).

10. For Mr. Blassingame, the "immediate medical attention" required to stabilize him within the meaning of EMTALA is to provide him with appropriate treatment for chest pain. In addition, several underlying health conditions, including, for example, certain types of diabetes, heart disease, and kidney disease, can be exacerbated by chest pain. In such circumstances, a patient may experience an emergency medical condition that requires emergency medicine and treatment.

11. Mr. Blassingame was also seen on November 4, 2020, for chest pain and was instructed by TriHealth Good Samaritan doctors to return is symptoms worsened. **See Exhibit A – TriHealth Discharge Summary and Instructions.**

12. On November 5, 2020, Plaintiff Mr. Blassingame arrived to the Emergency Department at The Good Samaritan Hospital of Cincinnati, Ohio and requested to be seen by a licensed physician for severe chest pain. As Mr. Blassingame waited to be checked in, he was instructed by a nurse to stand in a designated area. While complying with the nurses' orders Mr. Blassingame was confronted by TriHealth Public Safety Security Officers, one of them being Defendant Jacob Boatright with tasers pointed at Mr. Blassingame. Defendant Jacob Boatright and other public safety officers directed that Mr. Blassingame get on the ground, put his hands up, and lay face down on a concrete floor. Mr. Blassingame complied with these orders out of fear of being tased by Defendant Jacob

Blassingame v. TriHealth, Inc. et al – EMTALA, Rehabilitation Act

Boatright and TriHealth Good Samaritan public safety security officers. Mr. Blassingame's chest pain worsened, and his symptoms were exacerbated from being threatened using tasers, kneeling on the hard surface, laying face down on the concrete floor, having multiple knees applied to his back, arms, hands, knees and neck as Defendant Jacob Boatright and his co-workers placed Mr. Blassingame in handcuffs.

13. As a result of the harm and injuries caused to Mr. Blassingame, he suffered public humiliation, shame and embarrassment as the incident took place in a busy urban emergency department at Good Samaritan Hospital. **See Exhibit B – TriHealth Clifton Lobby and Taser Video Surveillance.**

14. The Defendant's policies and actions threatens Mr. Blassingame with real, immediate, and substantial harm by placing barriers on his ability to obtain stabilizing treatment for chest pain – related emergency medical conditions from Defendants. The Defendant's filing of criminal trespassing and disorderly conduct charges also interferes in Mr. Blassingame's ability to maintain his patient-physician relationship. Mr. Blassingame's sees his primary care physician and cardiologist at TriHealth Good Samaritan Hospital.

15. The Defendant the City of Cincinnati by and through the Cincinnati Police Department did in fact interfere in Mr. Blassingame's treatment or care by arresting him for Criminal Trespassing and Disorderly Conduct. Cincinnati Police Officers used their influence to distract Mr. Blassingame from his medical coverage by suggesting it was urgent they make an arrest, book him and claimed that he would be on the docket for "night court." Mr. Blassingame, under duress asked why he was being arrested and requested to be seen for his chest pain systems. Cincinnati Police Officers denied Mr. Blassingame treatment services and promised he would be seen my jail medical staff. That was promise was

Blassingame v. TriHealth, Inc. et al – EMTALA, Rehabilitation Act

broken. In fact, arresting Officer Gibson, denied Mr. Blassingame medical treatment while Mr. Blassingame was handcuffed in the police cruiser several times. Defendant, the city of Cincinnati's negligence also violated EMTALA and the Rehabilitation Act.

## REHABILITATION ACT STATUTORY FRAMEWORK

16. Section 504 of the Rehabilitation Act, 29 U.S.C § 794, prohibits federally funded programs or activities from excluding, denying benefits to, or discriminating against, an "otherwise qualified individual with a disability in the United States ... solely reason of her or his disability[.]"

17. The Rehabilitation Act's implementing regulations further provide that "[a] [federal funds] recipient shall make reasonable accommodation to the known physical or mental limitations of an otherwise qualified handicapped applicant ... unless the recipient can demonstrate that the accommodation would impose an undue hardship on the operation of its program." 28 C.F.R § 41.53.

18. An entity's failure to provide a reasonably accommodation to a disabled individual that the individual needs to enjoy meaningful access to the entity's benefits and services constitutes discrimination under the Rehabilitation Act.

19. A disability includes "a physical or mental impairment that substantially limits one or more major life activities of [an] individual[.]" See 29 U.S.C. § 705 (20)(B) (citing 42 U.S.C. § 12102(1)).

20. A major life activity includes, but is not limited to, eating, sleeping, concentrating, and working. 29 U.S.C. § 705(20)(B) (citing 42 U.S.C. § 12102(2)).

21. Included in the Rehabilitation Act's definition of "program or activity" are "all of the operations of ... an entire corporation ... or other private organization ... which is

Blassingame v. TriHealth, Inc. et al – EMTALA, Rehabilitation Act

principally engaged in the business of providing ... health care ..." 29 U.S.C. § 794(b)(3)(A)(ii).

22. Defendants are principally engaged in the business of providing health care and receive federal funds and are therefore subject to § 504 of the Rehabilitation Act.

**THE DEFENDANTS' FAILURE TO COMPLY WITH THE REHABILITATION ACT**

23. Certain types of chest pain complications cause physical impairments that substantially limit major life activities and therefore constitute a disability under the Rehabilitation Act.

24. Certain non-heart related disabilities under the Rehabilitation Act, such as hypertension, may also cause severe chest pain complications or heart conditions.

25. Certain chest pains, involving heart complications require stabilizing treatment under EMTALA, including chest pain and may cause severe heart complications.

26. The Defendants denied Mr. Blassingame this treatment and the provision of information about this treatment.

27. Certain disabilities involving heart complications requires emergency medical services under the applicable standard of care for the practice of medicine, including certain diagnosed chest pains.

28. The Defendants denied Mr. Blassingame this treatment and the provision of information about this treatment.

29. Defendants' hospitals do not have a policy that prohibits staff members from providing nondisabled individuals or individuals with disabilities unrelated to chest pain complications who have emergency medical conditions appropriate stabilizing treatment, as required by EMTALA.

Blassingame v. TriHealth, Inc. et al – EMTALA, Rehabilitation Act

30. Defendants do not have a policy that prohibits staff members at their hospitals. from providing nondisabled individuals or individuals with disabilities unrelated to heart complications full emergency medical services, or information about emergency services, in accordance with the applicable standard of care.

31. Defendants fail to provide a reasonable accommodation to individuals with disabilities involving heart related or chest pain complications.

32. Providing Mr. Blassingame and individuals with disabilities involving certain heart complications would not impose an undue hardship on Defendants.

33. Defendants have already excluded, denied services to, and discriminated against Mr. Blassingame and other African Americans involving heart complications in violation of the Rehabilitation Act. As a result, Mr. Blassingame did not receive emergency care that they were otherwise qualified to obtain solely by reason of their disabilities and suffered harm as a result.

34. Defendants knew or had reason to know of the disabilities and reported symptoms and complications suffered by Mr. Blassingame. **See Exhibit C – Mr. Blassingame's TriHealth ED Notes, Summary and Physician/Nurse Notes.**

35. As a result of the Defendant's blatant and unjust negligence, Mr. Blassingame fears that he will be unable to obtain emergency medical services from Defendants for a disability involving chest pain, heart complications solely by reason of that disability and suffers serious mental anguish and distress as a result.

36. As a result of the Defendant's blatant and unjust negligence, Mr. Blassingame fears that he will be unable to obtain medical services from Defendants for a disability involving chest pain, heart complications or visit his primary care physician and cardiologist solely by reason of that disability and suffers serious mental anguish and distress as a result.

Blassingame v. TriHealth, Inc. et al – EMTALA, Rehabilitation Act

37. Defendant's actions threaten Plaintiff Mr. Blassingame with real, immediate, and substantial harm by impeding his ability to obtain emergency medical services, or information about full emergency medical services, from Defendant's hospitals that they are otherwise qualified to obtain solely by reason of their disabilities.

## DECLARATORY AND INJUNCTIVE RELIEF

38. The allegations contained in the preceding paragraphs are adopted by reference.

39. An actual and immediate controversy exists between Plaintiff and Defendants. Plaintiff is entitled to a declaration of rights with respect to this controversy. Without such a declaration, Defendant's enforcement of their actions threatens Plaintiff Mr. Blassingame with the deprivation of his rights under the law and puts his health and life at risk.

40. Absent declaratory and permanent injunctive relief, Defendants will continue to withhold emergency heart care from African Americans, including Plaintiff Mr. Blassingame, in violation of EMTALA.

41. Absent declaratory and permanent injunctive relief, Defendants will continue to discriminate against, exclude, and deny services to African Americans and others with disabilities involving cardiac complications including chest pain, including Mr. Blassingame, by withholding full emergency services or information about full emergency services, in violation of the standard of care and thew Rehabilitation Act.

## COUNT ONE

**Violation of 42 U.S.C. § 1395dd**
**Emergency Medical Treatment and Active Labor Act (EMTALA)**
**(Declaratory and Injunctive Relief)**

Blassingame v. TriHealth, Inc. et al – EMTALA, Rehabilitation Act

42. The allegations contained in the preceding paragraphs are adopted by reference.

43. As a result of Defendants' policy and practice of denying Mr. Blassingame and other African Americans emergency medical treatment, Defendants have, and will continue to, systematically violate EMTALA by refusing to provide Plaintiff Mr. Blassingame and other African Americans suffering emergency medical conditions with cardiac chest pain complications emergency treatment services necessary to stabilize them in accordance with the standard of care, thereby causing harm to African Americans, including Plaintiff Mr. Blassingame.

## COUNT TWO

### Violation of 29 U.S.C. § 794

### Rehabilitation Act

44. The allegations contained in the preceding paragraphs are adopted by reference.
45. As a result of Defendants' policy and practice of denying Mr. Blassingame and other African Americans emergency medical treatment Defendants have, and will continue to, systematically violate the Rehabilitation Act by excluding, denying services to, and/or discriminating against Plaintiff Mr. Blassingame and other African Americans with disabilities involving cardiac chest pain complications, solely by reason of their disabilities, thereby preventing them from accessing full emergency services or information about full emergency services they are otherwise qualified to obtain in accordance with the standard of care, and causing harm to Plaintiffs' members. 2:15-cv-12611-GAD-RSW Doc # 4 Filed 10/01/15 Pg. 15 of 17 Pg. ID 29

### REQUEST FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully request that this Court:

Blassingame v. TriHealth, Inc. et al – EMTALA, Rehabilitation Act

46. Assert jurisdiction over this matter.

47. Issue a declaratory judgment in favor of Plaintiffs declaring that:

48. Defendants must provide appropriate stabilizing treatment, including.

 treatment from chest paint when such treatment is the standard of care, for African.

 Americans with emergency medical conditions within the meaning of EMTALA; and

 Defendants must allow persons with disabilities within the meaning of the

 Rehabilitation Act that involves cardiac or chest pain complications to have full.

 access to hospital emergency services, and information about hospital

 emergency services, including outpatient services, where such

 treatment is the standard of care;

48. Issue a permanent injunction that bars Defendants from:

1) withholding appropriate stabilizing treatment, including chest pain complication from African Americans emergency-related emergency medical conditions within the meaning of EMTALA; and

2) Excluding, denying services to, or discriminating against, Plaintiff Mr. Blassingame and African Americans with disabilities under the Rehabilitation Act that involve cardiac complications, by refusing to provide them with full access to emergency services, and information about hospital emergency services, including outpatient services, where such treatment is the standard of care;

49. Award Plaintiffs the costs of this action, including reasonable attorneys' fees; and

50. Award Plaintiff $2,000,000 for pain, suffering, emotional distress and for violations of EMTALA and the Rehabilitation Act; and

51. Award Plaintiff Mr. Blassingame, such other relief as the Court deems just and appropriate.

Blassingame v. TriHealth, Inc. et al – EMTALA, Rehabilitation Act

For the foregoing reasons, Plaintiff Derrick D. Blassingame moves this Court to GRANT his complaint and petition for injunctive relief.

Respectfully Submitted

*Derrick D. Blassingame*

Derrick D. Blassingame, Pro Se

DERRICK D. BLASSINGAME, PRO SE
Post Office Box 19224 CINCINNATI, OHIO 45219
Post Office Box 77155 Atlanta, Georgia 30357
Phone (513) 908-8876 | Fax (513) 672-9655
Email: DERRICKBLASSINGAME@GMAIL.COM

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| **DERRICK D. BLASSINGAME,** PLAINTIFF, <br><br> VS. <br><br> **TRIHEALTH INC., ET AL** | CIVIL ACTION <br><br> CASE NO.: _____ |

# JURY DEMAND

Now comes Plaintiff Derrick D. Blassingame, pro se, and hereby demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedures.

_____
Derrick D. Blassingame, Pro Se

Blassingame v. TriHealth, Inc. et al – EMTALA, Rehabilitation Act

DERRICK D. BLASSINGAME, PRO SE
Post Office Box 19224 CINCINNATI, OHIO 45219
Post Office Box 77155 Atlanta, Georgia 30357
Phone (513) 908-8876 | Fax (513) 672-9655
Email: DERRICKBLASSINGAME@GMAIL.COM

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO

**DERRICK D. BLASSINGAME,**
PLAINTIFF,

VS.

**TRIHEALTH INC., ET AL**

CASE NO.: _____

**CERTIFICATE OF SERVICE**
*COMPLAINT, MEMORANDUM IN SUPORT OF COMPLAINT, JURY DEMAND*

Now comes Derrick D. Blassingame and hereby certifies that a copy of this document was served upon Andrew A. Spievack at 425 Walnut Street, Suite 1800, Cincinnati, Ohio 45202 on June 10, 2021.

*/s/ Derrick D. Blassingame*
Derrick D. Blassingame, Pro Se

Blassingame v. TriHealth, Inc. et al – EMTALA, Rehabilitation Act