UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| DERRICK BLASSINGAME,<br>    Plaintiff, | Case No. 1:21-cv-395<br>Black, J.<br>Litkovitz, M.J. |
| v. | |
| TRIHEALTH, INC., *et al.*,<br>    Defendants. | **ORDER AND REPORT AND<br>RECOMMENDATION** |

This matter is before the Court on defendant City of Cincinnati's motion to dismiss (Doc. 7), plaintiff Derrick Blassingame's motion to strike exhibits 6 and 7 from the healthcare defendants'[1] answer (Doc. 10), and the healthcare defendants' motion to strike Blassingame's response to their answer (Doc. 12). Plaintiff failed to respond to the City's motion to dismiss and to the healthcare defendants' motion to strike.

On February 28, 2022, the Court ordered plaintiff, who is proceeding pro se, to show cause why the City's motion to dismiss should not be granted for lack of prosecution (Doc. 18). However, all mail sent to the post office box plaintiff listed on his complaint has been returned marked "return to sender" as either "not known" or "vacant." (Docs. 19 and 20). Despite filing a number of motions and responses earlier in this case, plaintiff Blassingame has not filed anything—including a change of address notification—since December 16, 2021.

---

[1] In addition to the City of Cincinnati, plaintiff named as defendants in this matter TriHealth, Inc., The Good Samaritan Hospital of Cincinnati, Jacob Boatright (identified in the complaint as a Security Officer of Public Safety for TriHealth and the Good Samaritan Hospital), Joyce Carter (identified as Patient Relations Manager of TriHealth, Inc.), and Steve Gracey (identified as Senior Vice President and General Counsel of TriHealth, Inc.). (Doc. 3 at PAGEID 39). For simplicity, the Court will refer to defendants TriHealth, Good Samaritan Hospital, Boatright, Carter and Gracey collectively as "the healthcare defendants."

**I. Background**

According to his complaint, Derrick Blassingame reported to the Emergency Department at Good Samaritan Hospital on November 5, 2020, complaining of severe chest pain. While waiting to be checked in, he stood in a designated area as instructed by a nurse. TriHealth security officers then confronted him, pointed tasers at him, and directed him to lay face down on a concrete floor.

Ultimately, Cincinnati Police Officers handcuffed and arrested Blassingame. Blassingame questioned why he was being arrested and asked to see a doctor for his now worsening chest pain. However, the arresting officers "denied Mr. Blassingame treatment services and promised he would be seen [b]y jail medical staff." (Doc. 3 at PAGEID 45). Blassingame alleges that the officers failed to keep that promise. He then filed the instant action alleging that defendants violated the Emergency Medical Treatment and Active Labor Act (EMTALA), 42 U.S.C. § 1395dd, and the Rehabilitation Act, 29 U.S.C. § 794.

**II. Pending Motions**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), defendant City of Cincinnati moves to dismiss all claims against it for failure to state claims upon which relief can be granted. (Doc. 7). According to the City, EMTALA applies exclusively to hospitals, and the Rehabilitation Act prohibits discriminating against a person due to a disability. Because the City is not a hospital and because Blassingame does not allege any disability related to his arrest—the City contends—Rule 12(b)(6) requires dismissal of claims against it.

The healthcare defendants filed an answer denying Blassingame's allegations against them (Doc. 9) and attached several exhibits (Docs. 9-1 through 9-9). Two of these exhibits, exhibit 6 (Doc. 9-5) and exhibit 7 (Doc. 9-6), charge Blassingame with criminal trespass and

disorderly conduct on November 5, 2020 because he allegedly returned to Good Samaritan Hospital after "being told not to come back, yelling and causing a panic alarm to hospital staff, security officers and patients." (Doc. 9-6 at PAGEID 96).

Blassingame filed a response to the affirmative defenses the healthcare defendants included in their answer. As part of that response, Blassingame moves to strike exhibits 6 and 7 from the record and to remove them from public display. (Doc. 10). According to Blassingame, Hamilton County Municipal Court acquitted him of the criminal charges on August 6, 2021 and sealed those records. (Doc. 10 at PAGEID 102).

The healthcare defendants move to strike Blassingame's response to their answer as an improper pleading according to Rule 7(a). (Doc. 12 at PAGEID 116). In addition, the healthcare defendants oppose Blassingame's motion to strike exhibits 6 and 7 because the criminal charges are necessary to prove that they did not refuse to treat Blassingame. (Doc. 12 at PAGEID 116-17). According to the healthcare defendants, Blassingame became combative, refused medical treatment, and had to be escorted from Good Samaritan Hospital in police custody. (*Id.*).

### III. Motion to Dismiss Claims Against the City of Cincinnati

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To withstand a motion to dismiss, a complaint must comply with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Rule 8(a)).

A complaint must include sufficient facts to state a claim that is plausible on its face and not speculative. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Mere "labels and conclusions [or] a formulaic recitation of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555. A district court examining the sufficiency of a complaint must accept well-pleaded facts as true, but not legal conclusions or legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678–79.

A pro se litigant has an affirmative duty to diligently pursue the prosecution of his cause of action, *see Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991), as well as a duty to supply the Court with notice of any and all changes in his address. *See Barber v. Runyon,* No. 93-6318, 1994 WL 163765, at *1 (6th Cir. May 2, 1994) (citing *Pena v. Seguros La Commercial, S.A.,* 770 F.2d 811, 815 (9th Cir. 1985)). District courts have the power to dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.,* 370 U.S. 626, 630-31 (1962).

The City of Cincinnati filed its motion to dismiss claims against it on November 3, 2021. The Court has allowed sufficient time for plaintiff to update his address and file a response to the City of Cincinnati's motion to dismiss or to the Court's show cause Order. Plaintiff's failure to do so warrants exercise of the Court's inherent power to dismiss plaintiff's claims against the City of Cincinnati pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute. *See Link*, 370 U.S. at 630-31; *Jourdan*, 951 F.2d at 109-10.

**IV. Motions to Strike**

Federal Rule of Civil Procedure 12(f) provides that on motion by a party, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[A]llegations in a pleading are immaterial if they have no essential or important relationship to the claim and are impertinent if they do not pertain,

4

and are not necessary to the issues in question." *Huckleberry v. Kellogg Co.*, No. 1:07-cv-220, 2008 WL 728330, at *2 (S.D. Ohio Mar. 14, 2008) (citation omitted). Whether to apply the rule is in the trial judge's discretion. *Watkins & Son Pet Supplies v. Iams Co.*, 107 F. Supp. 2d 883, 887 (S.D. Ohio 1999), *aff'd*, 254 F.3d 607 (6th Cir. 2001). "Because striking a portion of a pleading is a drastic remedy, such motions are generally viewed with disfavor and are rarely granted." *Id.* *See also Miller v. U.S. Bank, N.A.*, No. 3:17-cv-55, 2018 WL 466426, at *3 (S.D. Ohio Jan. 18, 2018), *report and recommendation adopted*, 2018 WL 708385 (S.D. Ohio Feb. 2, 2018). In applying Rule 12(f), the court should consider "(1) whether the material has any possible relation to the controversy and (2) whether either party would be prejudiced by allowing the pleading to stand as-is." *Miller*, 2018 WL 466426, at *3 (quoting *Amerine v. Ocwen Loan Servicing LLC*, No. 2:14-cv-15, 2015 WL 10906068, at *1 (S.D. Ohio Mar. 31, 2015)).

In this case, Blassingame moves to strike evidence of the criminal charges alleged against him during the incident upon which he bases his complaint. (Doc. 10). In response, the healthcare defendants move to strike Blassingame's response to their answer. (Doc. 12).

The healthcare defendants properly note that the Federal Rules permit a response to an answer only if the Court orders one. Fed. R. Civ. P. 7(a). Even though the Court did not authorize Blassingame's response to their answer, the Court, in its discretion, declines to exercise the "drastic remedy" of striking a pro se plaintiff's unauthorized pleading, especially since the healthcare defendants do not allege any prejudice if it stands. *See Watkins & Son Pet Supplies v. Iams Co.*, 107 F. Supp. 2d at 887. *See also Miller v. U.S. Bank, N.A.*, No. 3:17-cv-55, 2018 WL 466426, at *3.

Similarly, the Court declines Blassingame's request to strike exhibits 6 and 7 from the healthcare defendants' answer. Blassingame offers no evidence that the Hamilton County

5

Municipal Court dismissed the criminal charges or sealed those records. In addition, the healthcare defendants claim that the criminal charges are necessary to their defense of Blassingame's EMTALA allegations. This early in the case, the Court cannot yet accurately determine the documents' relevance or any resulting prejudice to Blassingame. Accordingly, the Court will deny both motions to strike.

### IT IS THEREFORE ORDERED THAT:

1. Plaintiff's motion to strike exhibits 6 and 7 from the healthcare defendants' answer (Doc. 10) is **DENIED;** and

2. The healthcare defendants' motion to strike plaintiff's unauthorized response to their answer (Doc. 12) is **DENIED**.

### IT IS THEREFORE RECOMMENDED THAT:

Defendant City of Cincinnati's motion to dismiss only the claims against it (Doc. 7) be **GRANTED** for failure to diligently pursue the prosecution of those claims.

Date: 3/17/2022

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DERRICK BLASSINGAME,
    Plaintiff,

vs.

TRIHEALTH, INC., *et al.*,
    Defendants.

Case No. 1:21-cv-395
Black, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).