UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DERRICK BLASSINGAME,  
    Plaintiff,

v.

TRIHEALTH, INC., *et al.*,  
    Defendants.

Case No. 1:21-cv-395  
Marbley, C.J.  
Litkovitz, M.J.

**ORDER**

This matter is before the Court on plaintiff's motion to strike defendant City of Cincinnati's[1] exhibits A and B and all references to state court action number A2102968 (Doc. 30), plaintiff's motion for reconsideration of the Court's Order denying his motion to strike the healthcare defendants' exhibits 6 and 7 (Doc. 33), the healthcare defendants' second motion to file document under seal (Doc. 37), plaintiff's motion to file documents under seal (Doc. 41), plaintiff's motion for a case management order (Doc. 42), plaintiff's motion to take depositions (Doc. 43), plaintiff's motion to set aside judgment in an unrelated case (Doc. 51), and plaintiff's motion to strike two documents unrelated to this case that he mistakenly filed under the wrong case number (Doc. 53). Numerous response and reply memoranda have been filed (Docs. 32, 34, 36, 38, 39, 40, 44, 45, 46, and 47).

---

[1] In addition to the City of Cincinnati, plaintiff named as defendants in this matter TriHealth, Inc., The Good Samaritan Hospital of Cincinnati, Jacob Boatright (identified in the complaint as a Security Officer of Public Safety for TriHealth and the Good Samaritan Hospital), Joyce Carter (identified as Patient Relations Manager of TriHealth, Inc.), and Steve Gracey (identified as Senior Vice President and General Counsel of TriHealth, Inc.). (Doc. 3 at PAGEID 39). For simplicity, the Court will refer to defendant City of Cincinnati as "the City" and defendants TriHealth, Good Samaritan Hospital, Boatright, Carter and Gracey collectively as "the healthcare defendants."

I.     **Background**

According to his complaint, Derrick Blassingame reported to the Emergency Department at Good Samaritan Hospital on November 5, 2020, complaining of severe chest pain. While waiting to be checked in, he stood in a designated area as instructed by a nurse. TriHealth security officers then confronted him, pointed tasers at him, and directed him to lay face down on a concrete floor.

Ultimately, Cincinnati Police Officers handcuffed and arrested Blassingame for trespassing and disorderly conduct. He then filed the instant action alleging that defendants violated the Emergency Medical Treatment and Active Labor Act (EMTALA), 42 U.S.C. § 1395dd, and the Rehabilitation Act, 29 U.S.C. § 794. The Court previously issued a Report and Recommendation that the City's motion to dismiss claims against it be granted (Doc. 55), to which Blassingame has objected (Doc. 56).

II.     **Plaintiff's Motion to Strike (Doc. 30) and for Reconsideration (Doc. 33) will be Denied.**

As the Court previously explained, Federal Rule of Civil Procedure 12(f) provides that on motion by a party, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." (Doc. 21 at PAGEID 169-170 (quoting Fed. R. Civ. P. 12(f))). "[A]llegations in a pleading are immaterial if they have no essential or important relationship to the claim and are impertinent if they do not pertain, and are not necessary to the issues in question." *Huckleberry v. Kellogg Co.*, No. 1:07-cv-220, 2008 WL 728330, at *2 (S.D. Ohio Mar. 14, 2008) (citation omitted). Whether to apply the rule is in the trial judge's discretion. *Watkins & Son Pet Supplies v. Iams Co.*, 107 F. Supp. 2d 883, 887 (S.D. Ohio 1999), *aff'd*, 254 F.3d 607 (6th Cir. 2001). "Because striking a portion of a pleading is a drastic remedy, such motions are generally viewed with disfavor and are rarely granted." *Id.*

*See also Miller v. U.S. Bank, N.A.*, No. 3:17-cv-55, 2018 WL 466426, at *3 (S.D. Ohio Jan. 18, 2018), *report and recommendation adopted*, 2018 WL 708385 (S.D. Ohio Feb. 2, 2018). In applying Rule 12(f), the court should consider "(1) whether the material has any possible relation to the controversy and (2) whether either party would be prejudiced by allowing the pleading to stand as-is." *Miller*, 2018 WL 466426, at *3 (quoting *Amerine v. Ocwen Loan Servicing LLC*, No. 2:14-cv-15, 2015 WL 10906068, at *1 (S.D. Ohio Mar. 31, 2015)).

In this case, Blassingame moves to strike exhibits A and B to the City's reply memorandum in support of its motion to dismiss (Doc. 28) and any reference to case number A2102968 currently pending in state court. Blassingame contends, without elaboration, that exhibits A and B (Docs. 28-1 and 28-2 respectively) "taint" his case here and "serve[ ] no other means than to distract this Court from matters it has fundamental jurisdiction over." (Doc. 30 at PAGEID 240). The Court disagrees.

As Blassingame states in his complaint, Cincinnati police officers arrested Blassingame during the incident at issue in this case and charged him with trespassing and disorderly conduct. (Doc. 3 at PAGEID 45). The criminal charges against Blassingame were later dismissed, and he filed a malicious prosecution action in Hamilton County, Ohio, Court of Common Pleas against Tri-Health and the City. (Doc. 28-1 at PAGEID 201-203). The City filed a copy of Blassingame's state court complaint and a related order denying Blassingame's motion to proceed and continue legal proceedings pursuant to Ohio Revised Code § 2323.52(F)(1)[2] as exhibits A and B to its reply memorandum in this case. (Docs. 28-1 and 28-2). All of these facts are matters of public record, and the Court will not be distracted by any state court proceedings.

---

[2] Section 2323.52 outlines the procedures for having a person declared a "vexatious litigator" and explains the process by which a person designated a "vexatious litigator" may seek leave to institute or continue legal proceedings. Blassingame's designation is currently on appeal in state court.

3

Because the exhibits do not prejudice Blassingame's claims in this action, the Court declines to employ the drastic remedy of striking the documents at issue.[3]

Blassingame next moves for reconsideration (Doc. 33) of the Court's prior order (Doc. 21) declining to strike exhibits 6 and 7 to the healthcare defendants' answer. This is plaintiff's third attempt to strike exhibits 6 and 7 from the record. (Docs. 10, 24, and 33).

> The Federal Rules do not expressly provide for "Motions to Reconsider." *Rodriguez v. Tennessee Laborers Health & Welfare Fund,* 89 Fed. Appx. 949, 959 (6th Cir. 2004). Nevertheless, "[d]istrict courts have authority both under common law and [Federal Rule of Civil Procedure] 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment." *Id.* Motions for reconsideration serve a limited function. Generally, a motion for reconsideration is only warranted when there is: (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice. *Id.* Motions for reconsideration are not intended to re-litigate issues previously considered by the Court or to present evidence that could have been raised earlier. *See J.P. v. Taft,* No. C2–04–692, 2006 WL 689091, at *13 (S.D. Ohio Mar. 15, 2006).

*Northeast Ohio Coal. For the Homeless v. Brunner*, 652 F. Supp. 2d 871, 877 (S.D. Ohio 2009), *modified on other grounds by* No. C2-06-896, 2009 WL 10663619 (S.D. Ohio July 30, 2009) (Marbley, J.). Augmenting prior arguments "with evidence that was previously available to [the party seeking reconsideration]," even if "they did not discover it until recently," "is not a proper basis for reconsideration." *Premier Dealer Serv., Inc. v. Allegiance Administrators, LLC*, No. 2:18-cv-735, 2022 WL 1166231, at *2 (S.D. Ohio April 20, 2022).

In this case, Blassingame has failed to introduce any new evidence not available to him at the time of his original motion to strike. Indeed, he alleged in his original motion to strike that the charges reflected in exhibits 6 and 7 had been dismissed and "these records are no longer available to the public as the Court also expunged the records." (Doc. 10 at PAGEID 102). The

---

[3] The City contends that its reply brief is not a "pleading" and is, therefore, not subject to striking pursuant to Rule 12(f). As the Court declines to strike the exhibits at issue, the Court need not address this argument.

Court accepts Blassingame's undisputed representation that the charges were dismissed and his record expunged. However, this evidence was available to Blassingame at the time of his original motion to strike and does not constitute "newly discovered evidence" to support a motion for reconsideration.[4] For the reasons stated in the Court's prior Orders denying plaintiff's motion to strike and denying plaintiff's motion to set aside the Order denying his motion to strike (Doc. 21 at PAGEID 169-171, Doc. 25 at PAGEID 182), the Court will deny plaintiff's motion for reconsideration (Doc. 33).

**III.     Defendants' Second Motion to File Document Under Seal (Doc. 37) Will be Granted.**

The healthcare defendants move to file under seal a motion for judgment on the pleadings that discusses Blassingame's private medical information (Doc. 37). Blassingame "objects to the Healthcare Defendants use of his medical records to justify their actions taken against him in violation of EMTALA" because his medical records constitute inadmissible hearsay evidence and are irrelevant. (Doc. 39 at PAGEID 305-307).

Under the Court's local rules, "parties may not file documents under seal without obtaining leave of Court upon motion and for good cause shown." S.D. Ohio Civ. R. 5.2.1(a). A court's discretion to seal its own records and files is limited by the "'strong presumption in favor of openness' as to court records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983)). *See also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)

---

[4] To the extent that Blassingame argues that failing to strike evidence of the dismissed criminal charges against him will amount to "double jeopardy," (Doc. 38 at PAGEID 295-296), the Court notes that neither the healthcare defendants nor this Court have the authority to revive the previously-dismissed state criminal charges against him, and this is not a criminal prosecution. In responding to Blassingame's complaint, the healthcare defendants merely contend that the fact that he was arrested and charged (even though charges were later dismissed) is relevant to their defense against his EMTALA and Rehabilitation Act claims. (Doc. 36 at PAGEID 287-288). Thus, double jeopardy is not an issue. *See Denezpi v. United States*, 142 S.Ct. 1838, 1843 (2022) ("By its terms, the [Double Jeopardy] Clause prohibits separate prosecutions for the same offense . . . .").

("Every court has supervisory power over its own records and files."). This openness presumption owes to the public's "strong interest in obtaining the information contained in the court record . . . [including] an interest in ascertaining what evidence and records" a court relies upon for its decisions. *Lipman v. Budish*, 974 F.3d 726, 753 (6th Cir. 2020) (quoting *Brown & Williamson*, 710 F.2d at 1180-81). The party seeking to seal court records carries the heavy burden of overcoming this presumption, and "[o]nly the most compelling reasons can justify non-disclosure of judicial records." *Shane Grp.*, 825 F.3d at 305 (quoting *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 476 (6th Cir. 1983)). Additionally, the Court is required to set forth specific findings and conclusions justifying the sealing of records—regardless of whether a party objects. *Id.* at 306.

To justify sealing records, the proponent must demonstrate: "(1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019) (citing *Shane Group*, 825 F.3d at 305). The proponent must also "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Shane Grp.*, 825 F.3d at 305-306 (quoting *Baxter Intern., Inc. v. Abbott Lab'ys*, 297 F.3d 544, 548 (7th Cir. 2002)).

As relevant here, the Sixth Circuit recognizes certain content-based exceptions to the presumption of openness related to "certain privacy rights of participants or third parties. . . ." *Brahmamdam v. TriHealth, Inc.*, No. 1:19-cv-152, 2021 WL 5005368, at *2 (S.D. Ohio Oct. 27, 2021) (quoting *Brown & Williamson*, 710 F.2d at 1179). In the context of civil litigation, this exception is generally limited to "only trade secrets, information covered by a recognized privilege, and information required by statute to be maintained in confidence. . . ." *Id.* (quoting

6

*Reese on Behalf of Fifth Third Bancorp v. Carmichael*, No. 1:20-cv-886, 2020 WL 6810921, at *1 (S.D. Ohio Nov. 16, 2020)).

The privacy of medical records and physician-patient communications are protected by both the Health Insurance Portability and Accountability Act of 1996, 42 U.S.C. § 1320d, *et seq*. (HIPAA) and Ohio Revised Code § 2317.02(B) (Ohio's physician-patient privilege). The Court previously granted the healthcare defendants' motion to file certain medical records under seal "in accordance with the strong public policy of HIPAA and Ohio Revised Code Section 2317.02(B) of protecting patient information." (Doc. 17 at PAGEID 157 (quoting *Harrison v. Scott*, No. 2:18-cv-1023, 2021 WL 2438858, at *2 (S.D. Ohio June 15, 2021)). To protect those same privacy interests, the Court will grant leave to file an unredacted copy of the healthcare defendants' motion for judgment on the pleadings under seal pursuant to S.D. Ohio Civ. R. 5.2.1.

Blassingame contends that his medical records are irrelevant and constitute inadmissible hearsay evidence. (Doc. 39). Blassingame's objections are not well taken.

Pursuant to Federal Rule of Evidence 401, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." EMTALA requires that "[i]f an individual requests examination or treatment at a hospital emergency department, 'the hospital must provide for an appropriate medical screening examination within the capability of the hospital's emergency department.'" *Scott v. Memorial Health Care Sys., Inc.*, 660 F. App'x 366, 372 (6th Cir. 2016) (quoting 42 U.S.C. § 1395dd(a)). Thus, it is highly likely that Blassingame's medical records will be relevant in determining whether the healthcare defendants met their EMTALA obligations in this case.

In addition, "hearsay" is an out of court statement offered "to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c)(2). At this juncture, the Court does not yet know either the statement that will be offered or whether it is offered for the truth of the matter asserted. Therefore, Blassingame's hearsay objection will be overruled as premature.

**IV.     Plaintiff's Motion to File Recordings Under Seal (Doc. 41) via Dropbox will be Denied.**

Blassingame next moves to file under seal a video recording from the lobby at Good Samaritan Hospital and the audio recording of a TriHealth security guard's 911 call (Doc. 41). According to his motion, Blassingame intends to file a motion for judgment on the pleadings, and he requests that the recordings be sealed because the related criminal charges were expunged and these recordings "should remain inaccessible by the public." (*Id.* at PAGEID 320). He contends that these recordings are protected by HIPAA and the corresponding Ohio statute. (*Id.*). In addition, Blassingame indicates that he previously attached the recordings to his complaint and asks that the Court accept these recordings via Dropbox. (*Id.*). The healthcare defendants oppose his motion to file the recordings under seal and ask the Court to deny Blassingame's efforts to use them in support of a motion for judgment on the pleadings because they were not included in the pleadings. (Doc. 44 at PAGEID 336).

First, Blassingame has failed to demonstrate the compelling interest necessary to seal the recordings at issue, that the interest in sealing outweighs the public's interest in accessing the recordings, and that his sealing request is narrowly tailored to seal only the records necessary. *See Kondash*, 767 F. App'x at 637. *See also Shane Grp.*, 825 F.3d at 305-306. In support of his motion to seal, Blassingame states only that: (1) "these records were expunged . . . in the Hamilton County Municipal Court and should remain inaccessible by the public" and (2) the

8

records are protected by HIPAA and Ohio Revised Code § 2317.02(B) (Ohio's physician-patient privilege). (Doc. 41 at PAGEID 320).

In Ohio, a person charged with but not convicted of a crime "may apply to the court for an order to seal[5] the person's official records in the case." Ohio Rev. Code § 2953.52(A)(1) (footnote added). As statutorily defined:

> "Official records" means all records that are possessed by any public office or agency that relate to a criminal case, including, but not limited to: the notation to the case in the criminal docket; all subpoenas issued in the case; all papers and documents filed by the defendant or the prosecutor in the case; all records of all testimony and evidence presented in all proceedings in the case; all court files, papers, documents, folders, entries, affidavits, or writs that pertain to the case; all computer microfilm, microfiche, or microdot records, indices, or references to the case; all index references to the case; all fingerprints and photographs; all DNA specimens, DNA records, and DNA profiles; all records and investigative reports pertaining to the case that are possessed by any law enforcement officer or agency, except that any records or reports that are specific investigatory work product of a law enforcement officer or agency are not and shall not be considered to be official records when they are in the possession of that officer or agency; and all investigative records and reports other than those possessed by a law enforcement officer or agency pertaining to the case.

Ohio Rev. Code § 2953.51(D). Neither the 911 call preceding Blassingame's arrest nor the security video taken in the hospital lobby are included within the definition of "official records" which can be sealed.

In addition, neither recording is statutorily protected as confidential. Except in extremely limited circumstances not applicable here, recorded 911 calls are public record. *See State ex rel. Cincinnati Enquirer v. Sage*, 31 N.E.3d 616 (Ohio 2015). In addition, Ohio's protection of confidential health information is broader than that provided by HIPAA. *Thomas v. Nationwide Children's Hosp., Inc.*, No. 2:14-cv-1236, 2018 WL 1512908, at *4 (S.D. Ohio March 27, 2018) However, Ohio Revised Code § 2317.02(B) protects only "a communication made to" specified

---

[5] The terms "expungement" and "sealing" of criminal records are often used interchangeably. As the current version of the Ohio statute uses the term "seal" the Court will do so, too. *See* Ohio Rev. Code § 2953.52.

medical professionals "by a patient in that relation or the advice of" the medical professional, with several enumerated exceptions not appliable here. Neither a security video of the Good Samaritan Hospital lobby nor the audio recording of a TriHealth security guard's 911 call falls within the purview of communications or records of the communications protected by HIPAA or Ohio Revised Code § 2317.02(B).[6] Therefore, Blassingame has failed to establish that the recordings he seeks to file should be filed under seal.

      Second, the healthcare defendants object to Blassingame filing these recordings at all because, they contend, those "materials Plaintiff references are not in the pleadings . . . and cannot be used to support" a motion for judgment on the pleadings. (Doc. 44 at PAGEID 336). The Court notes that Blassingame's complaint references three exhibits: (1) "**Exhibit A – TriHealth Discharge Summary and Instructions**"; (2) "**Exhibit B – TriHealth Clifton Lobby and Taser Video Surveillance**"; and (3) "**Exhibit C – Mr. Blassingame's TriHealth ED Notes, Summary and Physician/Nurse Notes**." (Doc. 3 at PAGEID 44, 45, 48 (emphasis in original)). However, the case record does not contain or identify any attachments to Blassingame's complaint. In addition, the Court found no reference in the complaint to the 911 call audio recording.

      Motions for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) are evaluated under the same standards as motions to dismiss pursuant to Rule 12(b)(6). *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545 (6th Cir. 2008). In evaluating these motions, the Court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long

---

[6] There may be situations in which such a video could be protected, such as when it captures the exchange of confidential medical information. However, neither party alleges that the video at issue in this case depicts such an exchange.

10

as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). "A document referred to or attached to the pleadings, and integral to plaintiff's claims, may also be considered without converting a motion to dismiss into one for summary judgment." *Burns v. United States*, 542 F. App'x 461, 466 (6th Cir. 2013) (citing *Commercial Money Center, Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007)). However, if the parties dispute the validity of such a document, or even the statements contained in the document, it should not be considered on a motion to dismiss. *Id.*

Otherwise, a court may consider non-pleadings only if it converts the motion to "one for summary judgment under Rule 56" and ensures that all parties have adequate notice and opportunity to respond. Fed. R. Civ. P. 12(d). The decision to convert a motion to dismiss into a motion for summary judgment is a matter of discretion. *See Shelby Cty. Health Care Corp. v. S. Council of Indus. Workers Health & Welfare Tr. Fund*, 203 F.3d 926, 931 (6th Cir. 2000) ("The district court's procedural decision to enter summary judgment sua sponte . . . is reviewed for abuse of discretion."); *Batt v. United States*, 976 F. Supp. 1095, 1096–97 (N.D. Ohio 1997) ("The decision to exclude material outside the pleadings is entirely within the discretion of the trial court.").

In this case, plaintiff references the hospital lobby security video in his complaint. (Doc. 3 at PAGEID 45). However, it is not integral to his EMTALA and Rehabilitation Act claims. *See Burns*, 542 F. App'x. at 466. "While there just so happens to be a video recording of the events at issue in this case, the ability of [plaintiff] to bring [his] claims did not rest on the existence of the video recording." *Sidi v. City of Cincinnati*, No. , 2014 WL 1276195, at n. 3 (S.D. Ohio March 27, 2014). In addition, the contents of the recording may be open to

11

reasonable dispute and/or require witness testimony to fully explain the events depicted. Therefore, the hospital security video would not be appropriately considered on a motion for judgment on the pleadings. Blassingame may file the recordings in advance of his motion for judgment on the pleadings, but his reliance on them may force the Court to convert his motion to a motion for summary judgment under Rule 56.

Having determined that Blassingame's proposed recordings are not subject to filing under seal, the Court turns its attention to the appropriate method by which either party may file audio or video recordings. Blassingame's request to submit recordings via the computer file hosting service Dropbox will be denied because doing so would not enter those recordings into the Court's official record.

After consultation with the Clerk of Courts, the Court has confirmed that audio and video recordings are properly submitted by: (1) filing a "notice of filing" on CM/ECF that identifies both the item filed and the party submitting the filing; and (2) providing the recording on either computer-readable disc or thumb drive to the Clerk of Courts via hand delivery or United States mail. The disc or drive must be accompanied by a document that contains the heading required by S.D. Ohio Civ. R. 5.1. On July 21, 2022 and again on July 26, 2022, Blassingame filed a "Notice of Manual Filing of Exhibits B, D, and E" (Docs. 48, 49). He also filed a "Notice of Certificate of Mailing of Manual Filing of Exhibits B, D, and E" on July 26, 2022. However, he fails to identify those exhibits, and there is no notation in the Court's record that any exhibits have been received by the Clerk of Courts. Accordingly, all parties are instructed to follow the procedures outlined above for filing any recordings as exhibits.

**V.     Plaintiff's Motion for a Case Management Order (Doc. 42) will be Granted.**

Blassingame moves for a case management order pursuant to Federal Rule of Civil Procedure 16. (Doc. 42). The Court has recommended that Blassingame's claims against the City be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 55). However, the remaining defendants have filed answers to Blassingame's complaint. (Doc. 9). The Court will grant Blassingame's motion and issue a separate calendar order.

**VI.    Plaintiff's Motion to Take Depositions (Doc. 43) will be Denied.**

Blassingame next moves for discovery and for certain depositions by oral examination (Doc. 43). Pursuant to Federal Rule of Civil Procedure 26, a plaintiff may obtain discovery from defendants' counsel of record. Defendants filed no opposition to plaintiff's motion, and there is no indication from any party that defendants' counsel has refused to provide any discovery sought. Accordingly, plaintiff's motion for discovery and for certain depositions by oral examination (Doc. 43) will be denied. Plaintiff may seek that information from opposing counsel through discovery.

**VII.   Plaintiff's Motion to Strike Documents Mistakenly Filed Under the Incorrect Case Number (Doc. 53) will be Granted.**

Pursuant to S.D. Ohio Loc. R. 5.1(f), documents mistakenly filed under the incorrect case number will be deleted by the Clerk of Courts and may then be filed under the correct case number without consent of the opposing party. In this case, Blassingame mistakenly filed two documents (Docs. 51 and 52) in this case when he intended to file them in case number 1:22-cv-306. He then moved to strike (Doc. 53) the documents mistakenly filed under the wrong case number. The Court will grant his motion to strike the documents mistakenly filed in this case and will instruct the Clerk of Courts to file them under the correct case number.

**IT IS THEREFORE ORDERED THAT**:

1. Plaintiff's motion to strike exhibits (Doc. 30) is **DENIED**;

2. Plaintiff's motion for reconsideration (Doc. 33) is **DENIED**;

3. Defendants' second motion to file document under seal (Doc. 37) is **GRANTED**;

4. Plaintiff's motion to file recordings under seal and via Dropbox (Doc. 41) is **DENIED**;

5. Plaintiff's motion for a case management order (Doc. 42) is **GRANTED**. A calendar order will be filed separately;

6. Plaintiff's motion to strike documents 51 and 52 from this case as mistakenly filed under the wrong case number (Doc. 53) is **GRANTED**;

7. The Clerk of Courts is **INSTRUCTED** to remove the two items mistakenly filed in this case (Docs. 51 and 52) and refile them in case no. 1:22-cv-306.

Date: 8/27/2022

Karen L. Litkovitz
United States Magistrate Judge